PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEITH MITCHELL, ) | |
| ) | CASE NO. 13CV01969 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Defendant. ) | **ORDER** [Resolving ECF No. 1] |

Magistrate Judge Kathleen Burke issued a report pursuant to 28 U.S.C. § 636 recommending that the decision of Defendant Commissioner of Social Security be affirmed. ECF No. 21. Plaintiff Keith Mitchell filed one objection. ECF No. 22. For the reasons provided, the Court overrules the objection filed by Plaintiff and adopts the report and recommendation of the magistrate judge.

**I. Factual & Procedural Background**

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental social security income ("SSI") on October 1, 2010. He alleged that he had a disability based on the following impairments: congestive heart failure; high blood pressure, diabetes, and neuropathy. Plaintiff's applications were denied by the agency initially and on reconsideration. On May 18, 2012, the Administrative Law Judge ("ALJ") held a hearing. The ALJ issued a decision on June 1, 2012, finding that Plaintiff's residual functional capacity ("RFC") did not prevent him from performing work existing in significant numbers in the national economy, and, therefore, Plaintiff

(4:13CV01969)

was not disabled.  On July 17, 2013, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant.  *See* ECF No. 21 at 1-2.

Plaintiff filed a complaint in this Court challenging Defendant's final decision.  ECF No. 1. The matter was referred to Magistrate Judge Burke to prepare a report and recommendation in accordance with 28 U.S.C. § 636.  The parties submitted merits briefs.  ECF Nos. 15, 18, 19. Plaintiff argued, *inter alia*, that the ALJ failed to mention and consider the opinion of Dr. Kwame Williams, one of Plaintiff's treating sources.  The magistrate judge rejected this argument.  The magistrate judge noted that Plaintiff submitted the opinion of Dr. Williams to the ALJ on May 31, 2012–thirteen days after the hearing and one day prior to the issuance of the ALJ's decision.  ECF No. 21 at 11.  Because, the magistrate judge reasoned, Plaintiff failed to satisfy the conditions set forth in 20 C.F.R. § 405.331 for submitting evidence "after the hearing and before the hearing decision is issued," the ALJ was not required to consider Dr. Williams's opinion.  ECF No. 21 at 13.

Plaintiff filed one objection to the magistrate judge's report.  ECF No. 22.  In the objection, Plaintiff acknowledges that "submitting evidence the day before the issuance of a decision amounts to less than best practice."  ECF No. 22 at 4-5.  He contends, however, that the magistrate judge erred when she concluded that all evidence must be either submitted to the ALJ five days before an administrative hearing or be accompanied by detailed reasons explaining why the evidence was not submitted earlier.  ECF No. 22 at 2.

The Court will address Plaintiff's objection below.

2

(4:13CV01969)

## II. Legal Standard

### A. Review of Decisions Made By Commissioner of Social Security

When reviewing the Commissioner's conclusions regarding disability benefits, the district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir.2009). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (*quoting* 42 U.S.C. § 405(g)).

### B. Section 636 Review

28 U.S.C. § 636 does not require a district court to review a magistrate judge's report to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). When written objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

## III. Discussion

Plaintiff claims that the magistrate judge wrongly concluded that all evidence must be submitted to the ALJ five days before an administrative hearing–which, in this case, occurred on

3

(4:13CV01969)

May 18, 2012–or be accompanied by detailed reasons explaining why the evidence was not submitted earlier. ECF No. 22 at 2. In support of his claim, Plaintiff submits a memorandum written by Chief ALJ Debra Bice and circulated to all ALJs, stating: "With the exception of Region I (*See* 20 C.F.R. § 405.331 and HALLEX I-5-3-18), it is not permissible under our current regulations to require that all evidence be submitted within a pre-determined timeframe before the hearing." ECF No. 22-1. The memorandum continues: "Under 20 C.F.R. §§ 404.935 and 416.1435, the claimant is only required to 'make every effort to be sure that all material evidence is received by the administrative law judge or is available at the time and place set for the hearing.'" ECF No. 22-1. Because the administrative record did not close until June 1, 2012, the date the ALJ issued his decision; *see* 20 C.F.R. § 405.360; Plaintiff maintains that Dr. Williams's office notes (submitted May 21, 2012) and opinion regarding Plaintiff's RFC (submitted May 31, 2012) should have been accepted and considered by the ALJ when rendering his decision. ECF No. 22 at 3.

The controlling regulation is found in 20 C.F.R. § 405.331. Subsection (a) provides:

> You should submit with your request for hearing any evidence that you have available to you. Any written evidence that you wish to be considered at the hearing must be submitted no later than five business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider the evidence unless the circumstances described in paragraphs (b) or (c) of this section apply.

20 C.F.R. § 405.331(a). Subsection (c) continues:

> If you miss the deadline described in paragraph (a) of this section and you wish to submit evidence after the hearing and before the hearing decision is issued, the administrative law judge will accept the evidence if you show that there is a reasonable possibility that the evidence, alone or when considered with the other evidence of record, would affect the outcome of your claim, and: (1) Our action misled you; (2) You had a physical, mental, educational, or linguistic limitation(s)

4

(4:13CV01969)

>that prevented you from submitting the evidence earlier; or (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier.

20 C.F.R. § 405.331(c).

The magistrate judge correctly applied the requirements of 20 C.F.R. § 405.331 to arrive at her conclusion that the ALJ was not required to consider the post-hearing evidence submitted by Plaintiff. When submitting that evidence, Plaintiff attached cover letters stating: "Please file the enclosed on behalf of our client." ECF No. 12 at 492, 500. Plaintiff did not acknowledge that the evidence was being submitted after the hearing date. In addition, Plaintiff did not show, in conformity with 20 C.F.R. § 405.331(c), whether: (1) there was a reasonable possibility that the evidence would effect the outcome of his claim; (2) the agency misled Plaintiff in some way; (3) he had a physical, mental, educational, or linguistic limitation that prevented him from submitting the evidence earlier; or (4) an unusual, unexpected, or unavoidable circumstance prevented him from submitting the evidence earlier. Plaintiff made no attempt to demonstrate the above factors, either.

The magistrate judge's report was not inconsistent with Chief ALJ Bice's memorandum. The magistrate judge's recommendation did not rest on a finding that Plaintiff failed to submit all evidence "within a pre-determined timeframe." To the contrary, the recommendation turned on Plaintiff's unequivocal failure to meet the requirements for post-hearing submission of evidence.

Plaintiff's argument that 20 C.F.R. § 405.331(c) "appl[ies] only to disability claimants and ALJs in Region 1" flounders. ECF No. 22 at 4. Plaintiff *is* a disability claimant, to whom the regulation applies. *See Passafiume v. Comm'r of Soc. Sec.*, No. 1:12CV0795, 2012 WL 5611501 at *9 (N.D. Ohio November 15, 2012); *Ithier v. Astrue*, No. 1:11CV238, 2013 WL 1092197 at *10

5

(4:13CV01969)

(N.D. Fla March 14, 2013); *Young v. Colvin*, No. 3:12CV245, 2013 WL 4591554 at *5 (E.D. Tenn. August 28, 2013). Morever, Plaintiff's claim that 20 C.F.R. § 405.331(c) applies only to ALJs in "Region 1"–that is, Maine, New Hampshire, Vermont, Rhode island, Massachusetts, and Connecticut (ECF No. 22 at 3)–in unsupported by the case law, by the text of the regulation, and by the citations in Plaintiff's objection. Chief ALJ Bice references Region 1 in her memorandum only to identify a regional exception to the rule that "it is not permissible under our current regulations to require that all evidence be submitted within a pre-determined timeframe before the hearing. ECF No. 22-1. The memorandum does not state that 20 C.F.R. § 405.331(c) has force in Region 1 only.

### IV. Conclusion

Based on the foregoing, the Court overrules Plaintiff's objection and adopts the recommendation of the magistrate judge. Defendant's decision is affirmed.


IT IS SO ORDERED.


July 29, 2014             */s/ Benita Y. Pearson*
Date                         Benita Y. Pearson
                                 United States District Judge